[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15471
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cr-00235-WS-N-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY R. BROWN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 18, 2018)

Before TJOFLAT, MARTIN, and NEWSOM, Circuit Judges.

PER CURIAM:

Anthony R. Brown appeals the 24-month sentence he received after his supervised release was revoked. He contends the sentence is substantively unreasonable.

I.

In 2014, Brown pled guilty to possession of marijuana with intent to distribute and was sentenced to a 36-month term of imprisonment, followed by three years of supervised release. His term of supervised release began to run on September 22, 2015.

On October 3, 2017, Brown was arrested by the Selma, Alabama police department and charged with unlawful possession of marijuana, possession of drug paraphernalia, and possession of a concealed pistol without a permit. On October 16, a probation officer filed a petition to have Brown's term of supervised release revoked, and a federal warrant was issued for his arrest. Brown was released from state custody, but was arrested on November 3 pursuant to the federal warrant when he went to retrieve his car from a state impound lot. At the time of the second arrest, police found the keys for a rented Toyota Camry in Brown's pocket. The keys matched a Toyota Camry parked at Brown's mother's residence. Police got a warrant to search the car where they found a digital scale and plastic baggies in the front seat, along with approximately three pounds of marijuana in the trunk. During questioning, Brown admitted to possessing the marijuana.

On November 28, 2017, the district court conducted a revocation hearing. A Selma police officer testified to Brown's alleged criminal activities, and a probation officer testified that Brown's conduct violated the conditions of his supervised release. The court found Brown violated the terms of his supervised release. Brown explained to the court that he had worked as a commercial driver after his release from prison, but lost his job after lacerating a tendon in his hand and breaking his leg in a 2016 car accident. After the accident, Brown self-medicated with marijuana. He denied being a drug dealer.

The court then sentenced Brown to 24-months imprisonment, which was the high-end of the guidelines range.

## II.

We generally review the substantive reasonableness of a revocation sentence for abuse of discretion.[1] Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007); United States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014). We consider the totality of the circumstances and will remand for resentencing only when "left with the definite and firm conviction that the district court

---

[1] The government urges us to conduct only a plain-error review because Brown did not raise a substantive-reasonableness objection at sentencing. The appropriate standard of review is an open question in this circuit. See United States v. Medina, 656 F. App'x 975, 981 n.3 (11th Cir. 2016) (per curiam) (unpublished) ("[T]o our knowledge, we have yet to decide in a published opinion whether we review the substantive reasonableness of a defendant's sentence for plain error if the defendant failed to raise any objection before the district court."). However, we need not reach this question because Brown's claim fails under the abuse of discretion standard.

3

committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted).  A district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation omitted).

Brown argues the 24-month sentence was unreasonable because he was able to work, drug-free, for two years after his release from prison, and it was substantively unreasonable to impose the statutory maximum sentence for drug violations that occurred after he sustained long-term physical injuries that prevented him from working.  He argues a below guidelines sentence—less than 18-months—would have been sufficient under § 3553(a).

Brown's argument does not carry the day.  The district court expressly took account of "all of the evidence before [it], all of the information that's been presented, and . . . all of the sentencing factors and objectives of Section 3553(a) of Title 18."  The court acknowledged Brown's sobriety, but noted his "history of drug distribution."  Ultimately, the court stated that a high-end sentence was

4

warranted because "these are quite serious offenses, and quite serious offenses require that the punishment be sufficient to meet the crime."

While Brown's argument highlights the more sympathetic details of his situation, we cannot simply substitute our own judgment for that of the district court when weighing the relevant factors. See United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007). The district court did not fail to consider relevant factors, did not give significant weight to an irrelevant factor, and did not commit a clear error in judgment in balancing the proper factors. See Irey, 612 F.3d at 1189. Therefore the district court did not abuse its discretion by imposing a substantively unreasonable sentence, and the sentence is affirmed.

**AFFIRMED.**